UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ARLENE SCHROEDER,

                      Plaintiff,

    -against-

**REPORT &amp;**
**REPORT & RECOMMENDATION**
18-CV-2279 (ADS)(AYS)

THE POLISH-AMERICAN POLITICAL
CLUB OF SOUTHAMPTON, NY, INC.
and 230 ELM LLC,

                      Defendants.
---------------------------------------------------------

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Arlene Schroeder's ("Schroeder" or "Plaintiff") motion for default judgment See Docket Entry ("DE") [21]. By way of a Complaint dated April 17, 2018, Plaintiff commenced this action against Defendants The Polish-American Political Club of Southampton, NY, Inc. ("the Club") and 230 Elm LLC ("230 Elm") (collectively "Defendants"), alleging disparate treatment and unlawful disability discrimination in violation of the American with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York State Civil Rights Law. In particular, Plaintiff alleges that Defendants have failed to remove the architected barriers which exist at its public accommodation have denied Plaintiff with equal access and treatment. See DE [1]. After Defendant 230 Elm failed to answer or otherwise respond, the Clerk of the Court entered default against them on August 17, 2018. See DE [16]. On February 8, 2019, Plaintiff filed the instant motion for default judgment. See DE [21]. On February 12, 2019, Judge Spatt referred the motion to this Court for a recommendation as to

1

whether the motion should be granted, and if so, what relief, if any should be awarded. DE [25]. For the reasons set forth on the record on June 13, 2019, see DE [30], this Court respectfully recommends that Plaintiff's motion be granted and that Plaintiff be awarded damages as described below.

Findings

On June 13, 2019, the Court heard Plaintiff's application for entry of a default judgment and permanent injunction against Defendant 230 Elm under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After considering the papers submitted in connection with the application, the papers on file in this action and the authorities cited, this Court found:

1. The default of Defendant 230 Elm LLC was entered by the Clerk of the Court on August 17, 2018.

2. Defendant 230 Elm LLC is not an incompetent person, or a current member of the military service.

3. Defendant 230 Elm LLC did not appear in this action.

4. Plaintiff's complaint set forth allegations of Defendants' unlawful discrimination in violation of the ADA, 42 U.S.C. § 12182, NYSHRL § 296.2, and New York State Civil Right Laws §§ 40-c and 40-d.

5. By virtue of the default, Defendant 230 Elm LLC has not challenged any of the allegations.

6. Defendant 230 Elm LLC leases and operates the property that houses a public accommodation and as a result of the architectural barriers, Plaintiff was denied access and opportunity to participate in or benefit from these services of accommodation on the basis of her disability. See Compl., ¶¶ 30-64, DE [1].

7. The terms of relief sought in the requested judgment are fully justified by the facts shown in the Plaintiff's motion.

8. The requested permanent injunction against Defendant 230 Elm LLC should be granted.

8. The application for attorney's fees in the amount of $4858.50 should be granted from Defendant 230 Elm LLC. This judgment shall bear interest at the judgment rate from the date of entry until paid.

## CONCLUSION

For the reasons set forth herein, the Court recommends that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded:

1) a permanent injunction against Defendant 230 Elm LLC; and

2) $4858.50 in attorneys' fees from Defendant 230 Elm LLC.

## OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendant 230 Elm LLC at their last known address(es) and to file proof of service on ECF by September 3, 2019. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. See 28 U.S.C § 636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. See Ferrer v. Woliver, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
August 29, 2019

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge